# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN SCHERER,

    Plaintiff,

v.                                                           Case No. 05-C-261

OPPORTUNITIES INDUSTRIALIZATION CENTER
OF GREATER MILWAUKEE (OIC-GM),

    Defendant.

v.

ANN M. PEMBLE,

    Intervenor Defendant.

## DECISION AND ORDER

### NATURE OF CASE

On March 9, 2005, the plaintiff, John Scherer, filed a complaint against the defendant, Opportunities Industrialization Center of Greater Milwaukee (OIC-GM), alleging discrimination and retaliation based on his race in violation of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq., as amended, and the Civil Rights Act of 1866, 42 U.S.C. §1981. The plaintiff also alleges a state law defamation claim.

The defendant, OIC-GM, is a corporation in receivership under Chapter 128 of the Wisconsin Statutes. According to the Receiver for the defendant, Ann M. Pemble (Receiver), defendant OIC-GM is defunct and the Receiver is currently liquidating its assets. On November 4, 2005, the Receiver filed a motion to intervene and a motion to dismiss based

on lack of service of the summons and complaint. Both motions are fully briefed and will be addressed herein.

## **RELEVANT BACKGROUND**

The plaintiff alleges that the defendant discriminated against him on the basis of his race, defamed him, and negligently failed to supervise its agents to prevent racial discrimination. In March of 2005, the plaintiff sent John Goodnow, the then Chapter 128 Receiver for the defendant, a copy of the complaint along with a Waiver of Service of Summons form.[1] John Goodnow returned the Waiver of Service of Summons unsigned with a handwritten notation stating: "Please see attached Chapter 128 Notice." The unsigned form with the attached note was apparently sent to the plaintiff and the Clerk of Courts by Mr. Goodnow. (See Docket #4).

On July 26, 2005, the court sent a letter to the plaintiff, stating that: "More than 120 days have elapsed since the filing of [the] complaint. However, court records do not disclose that you have effected service upon the defendant." (Docket #7). The plaintiff sent a letter in response indicating that he "sent a copy of the complaint Case N. 05-C-0261 on March 11, 2005, and received a copy of the Waiver of Service of Summons from Mr. Goodnow on March 22, 2005. (Plaintiff's Letter to the Court dated August 5, 2005, at 1).

In an order dated August 23, 2005, the court concluded that "the state court receivership does not bar the plaintiff from pursuing this federal action for the defendant's alleged violation of the plaintiff's federal rights." (Court's Order of August 23, 2005, at 3). Subsequently, the court held a scheduling conference and entered an order requiring counsel

---

[1] The plaintiff was proceeding pro se until September 22, 2005, when counsel entered a notice of appearance.

for the parties to file a notice of appearance. In compliance with that order, counsel for John Goodnow, the Receiver of defendant OIC-GM at the time, filed a notice of appearance on September 13, 2005, (Docket #12). Counsel for the plaintiff filed a notice of appearance on September 22, 2005. (Docket #13).

Pursuant to the court's October 5, 2005, order, the plaintiff submitted a proposed stipulated judgment to the Receiver. For the first time, the order characterized a portion of the plaintiff's claim as a wage claim. Because a wage claim could have priority over unsecured creditors in the OIC-GM receivership, the Receiver could not agree to the stipulated judgment. Thus, according to the Receiver, she is legally bound to represent the unsecured creditors' interest in this court. The Receiver has now filed a motion to intervene and a motion to dismiss based on lack of service. (Docket #22).

## ANALYSIS

### Motion to Intervene

Rule 24(a) provides:

> Upon timely application anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Thus, to intervene as a matter of right, an applicant must establish that: "(1) the application is timely; (2) the applicant has an 'interest' in the property or transaction which is the subject of the action; (3) disposition of the action as a practical matter may impede or impair the applicant's ability to protect that interest; and (4) no existing party adequately represents the applicant's interest." Security Ins. Co. of Hartford v. Schipporeit, Inc., 69 F.3d 1377, 1380 (7th

-3-

Cir. 1995); see also, Nissei Sangyo America, Ltd. v. United States, 31 F.3d 435, 438 (7th Cir. 1994). The absence of any of these factors requires a denial of the motion for intervention. American Nat. Bank and Trust Co. of Chicago v. City of Chicago, 865 F.2d 144, 148 (7th Cir. 1989).

The plaintiff asserts that the court should deny the intervenor's motion to intervene because the intervenor has already intervened and because the intervenor failed to accompany its motion with a "pleading setting forth the claim or defense for which the intervention is sought," quoting Fed. R. Civ. P. 24(c). The plaintiff also asserts that the fact that he categorized his claims as one for wages does not state a ground for intervention.

In reply, the intervenor asserts that she did not already intervene in this case, but rather, the attorney for the Receiver merely filed a notice of appearance. Additionally, the intervenor asserts that Fed. R. Civ. P. 24(c) does not require that the pleading be separate from the briefing filed in support of the motion to intervene. Finally, the intervenor maintains that an amendment of the plaintiff's damages claim is insufficient. The intervenor now seeks to intervene in this case because developments have made it clear that the plaintiff may use a judgment to unfairly prejudice other creditors.

The intervenor did not already intervene in this case. Counsel for John Goodnow, the Receiver for OIC-GM at that time, filed a notice of appearance in accordance with the court's order. Moreover, the intervenor properly filed its Rule 24 motion by setting forth the claim in its brief for which it sought intervention. Finally, the categorization of the plaintiff's claims does affect the Receiver's right to intervene and will be discussed when addressing the intervenor's establishment of the four factors necessary for intervention as a matter of right. Although the plaintiff does not assert that the intervenor fails to establish any of the four

-4-

factors necessary for intervention, the court will determine whether the intervenor established them.

Rather than imposing a precise time limit, the timeliness requirement for intervention as a matter of right essentially requires an intervenor to "act with dispatch." Nissei Sangyo America, Ltd., 31 F.3d at 438. Thus, "potential intervenors need to be reasonably diligent in learning of a suit that might affect their rights, and upon so learning they need to act reasonably promptly." Id. When determining timeliness, a court will consider (1) the delay in seeking intervention, (2) the prejudicial impact of the delay to existing parties, (3) the prejudice to the intervenor if the motion is denied, and (4) any unusual circumstances. Id.; Shea v. Angulo, 19 F.3d 343, 349 (7th Cir. 1994). Timeliness is judged from the time the intervenor learns or should learn that its interests might be impaired. See Reich v. ABC/York-Estes Corp., 64 F.3d 316, 321 (7th Cir. 1995). Thus, a motion to intervene may be timely long after the intervenor discovers the action if the intervenor does not discover the threat to its interests until much later. See Reich, 64 F.3d at 321-22.

In this case, the Receiver knew of the lawsuit within weeks of the filing of the complaint. See Intervenor's Brief at 2. However, it was not until the plaintiff categorized his claims as one for wages that the Receiver's duty to intervene appeared. The Receiver informed the court of this development by a letter dated October 17, 2005. Accordingly, the Receiver's motion to intervene is timely.

An intervenor's interest must be "direct, significant, [and] legally protectable." Reich, 64 F.3d at 322 (quoting American Nat. Bank v. City of Chicago, 865 F.2d 144, 146 [7th Cir. 1989]). It must be more than a mere "betting" interest. Reich, 64 F.3d at 322. A courts

-5-

determine the adequacy of an intervenor's interest on a case-by-case basis. Security Ins. Co. of Hartford, 69 F.3d at 1381.

In this case, the Receiver claims a legal obligation to protect the assets of the receivership's existing creditors. See Intervenor-Defendant's Memorandum in Support of Motion to Intervene and Motion to Dismiss at 4. The plaintiff's claim directly relates to the receivership. See Id. If judgment is entered for the plaintiff in this case, the Receiver will have fewer assets available for existing creditors. With fewer assets, the Receiver has less of an ability to meet its claimed obligation. Therefore, the intervenor's existing interest is more than a mere "betting" interest. See Reich, 64 F.3d at 322.

An intervenor's interest is impaired when stare decisis will preclude the intervenor's later claims. See American Nat. Bank, 865 F.2d at 148. When the intervenor can file a separate lawsuit to protect its interests, its interests are not impaired by the action. See Id.; Southmark Corp. v. Cagan, 950 F.2d 416, 418-19 (7th Cir. 1991).

In this case, the Receiver claims a judgment could have a preclusive effect as to her obligations to the plaintiff. The Receiver's interest in fulfilling her fiduciary duties to protect the assets of the receivership may be impaired or impeded by the court's disposition of this action. Thus, the Receiver's interests are impaired by this action.

When an intervenor's interests are adequately represented by existing parties, intervention under Rule 24(a) is improper. See Shea, 19 F.3d at 348; Reynolds v. Beneficial Nat. Bank, 288 F.3d 277, 288-89 (7th Cir. 2002). An intervenor's interests are adequately represented by existing parties if the intervention adds nothing. See Id. at 289. Where an existing party and the intervenor have the same goals in a suit, courts presume that the intervenor's interests are adequately represented. See Shea, 19 F.3d at 348.

-6-

Although defendant OIC-GM and the Receiver's goal are not adverse, defendant OIC-GM is a defunct corporation which has not appeared in this case. The Receiver adds a defense and objection to the case that the defendant does not. Accordingly, the Receiver's interests are not adequately represented by existing representation.

In sum, the intervenor has established all four factors for intervention. Therefore, her motion to intervene will be granted.

## Motion to Dismiss

The intervenor filed her motion to dismiss, asserting that the plaintiff failed to effect service of process on the defendant. In response, the plaintiff asserts that the intervenor waived any objection to personal jurisdiction. The plaintiff also asserts that the intervenor "failed to answer or to otherwise move for relief under Fed. R. Civ. P. 12." (Plaintiff's Response Brief at 2).

The intervenor acknowledges that the plaintiff attempted to serve OIC-GM through the Receiver. According to the intervenor, although OIC-GM assigned its assets to the Receiver, the Receiver is not the alter ego of OIC-GM. The intervenor asserts that OIC-GM remains an existing corporation and that the plaintiff had to effect service on OIC-GM. The intervenor further asserts that even if service on the Receiver for OIC-GM would effect service on OIC-GM, neither service nor waiver of service occurred in this case because the Receiver returned the Waiver of Service form unsigned with a note referring the plaintiff to a copy of the Receivership order from the state court.

The plaintiff asserts that the defendant acknowledged receipt of the Waiver of Service of Summons form on March 23, 2005. The plaintiff further asserts that he filed the Waiver of Service of Summons form on March 23, 2005, and, therefore, pursuant to Fed. R. Civ. P.

12(a)(1)(B), the defendant had sixty days within which to file an answer which the defendant failed to file. The plaintiff maintains that the intervenor has failed to file a motion under Rule 12 asserting lack of personal jurisdiction and, therefore, such a defense is waived. The plaintiff further contends that counsel for the Receiver entered her appearance on behalf of the defendant, without objection to the court's jurisdiction.

The plaintiff filed this action on March 9, 2005. Thus, his deadline to serve the defendant expired on July 7, 2005. The plaintiff sent John Goodnow a Waiver of Service of Summons form and a copy of the complaint. The waiver form was not signed by Mr. Goodnow. Rather, he returned it unsigned. Thus, even if the Receiver of OIC-GM could waive service for OIC-Gm, he did not do so in this case. OIC-GM did not waive service. Therefore, to effect service, the plaintiff had to serve OIC-GM in accordance with Rule 4. The plaintiff did not attempt to effect service on OIC-GM. Neither actual notice to the defendant nor substantial compliance is sufficient to satisfy the requirements of Rule 4. Mid-Continent Wood Prod., Inc. v. Harris, 936 F.2d 297, 301-02 (7th Cir. 1991). Accordingly, OIC-GM was never served and, thus, did not have to file an answer. Moreover, OIC-GM did not waive personal jurisdiction as only the Receiver's counsel has filed a notice of appearance in this case.

Nevertheless, the court will not grant the intervenor's motion to dismiss. Under Rule 4(m), a plaintiff who has failed to effect service within the required 120 day period will be granted an extension "for service for an appropriate period" upon a showing of good cause. Fed. R. Civ. P. 4(m). Good cause means a valid reason for delay. Coleman v. Milwaukee Bd. of School Directors, 290 F.3d 932, 934 (7th Cir. 2002). Additionally, case law allows the

-8-

court, in its discretion, to extend the time for service even if a plaintiff does not establish good cause. Id.

In this case, the plaintiff was proceeding pro se, there is no apparent harm to the defendant's ability to defend the action as a consequence of the delay in service and OIC-GM likely had knowledge of the suit soon after it was filed. Accordingly, the court will extend the time for service of the summons and complaint. The plaintiff will have until September 8, 2006, to serve OIC-GM in the manner prescribed by Rule 4.

## **PLAINTIFF'S MOTION FOR JUDGMENT**

In the last sentence of his brief filed in response to the intervenor's motion to intervene and dismiss, the plaintiff "moves this Court for entry of judgment per plaintiff's draft judgment and order, docket # 19, with leave to amend the statement of damages." (Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss at 5). In response, the intervenor requests that the court deny the motion. The intervenor asserts that the plaintiff's motion for entry of judgment fails as a matter of law because of the jurisdictional issues addressed in its motion to dismiss. Alternatively, the intervenor asserts that the parties should be permitted to address the issue of damages prior to the entry of judgment.

The plaintiff's "motion" for entry of judgment came at the end of his brief filed in response to the intervenor's motions to intervene and dismiss. Thus, the intervenor was not given a proper opportunity to respond. "An application to the court for an order shall be by motion which, . . . shall be in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Fed. R. Civ. P. 7(b). Moreover, Civil Local Rule 7.1(a) (E.D. Wis.) requires that "every motion must set forth the rule pursuant to which it is made." The plaintiff did not comply with the requirements for properly filing a motion.

-9-

Accordingly, the plaintiff's "motion" to enter judgment per his draft judgment and order is not properly before the court.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that intervenor defendant Ann M. Pemble's motion to intervene be and hereby is **granted**. (Docket #22).

**IT IS FURTHER ORDERED** that intervenor defendant Ann M. Pemble's motion to dismiss be and hereby is **denied**. (Docket #22).

**FINALLY, IT IS ORDERED** that the plaintiff has until **September 8, 2006**, to serve defendant OIC-GM in the manner prescribed by Rule 4.

Dated at Milwaukee, Wisconsin, this 15th day of August, 2006.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge